UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE L. MATYCH,

    Plaintiff,

v.

    Case No. 1:20-cv-1062

    Hon. Hala Y. Jarbou

HOME-OWNERS INSURANCE
COMPANY, et al.,

    Defendants.
_____/

## OPINION

This is an action seeking a declaration of rights under the Employee Retirement Income Security Act (ERISA) and Michigan law. Plaintiff Christine L. Matych was injured when she was struck by a vehicle operated by a third party. She is and was a beneficiary under an ERISA plan identified as Structural Concepts Corporation Health Care Plan (the "Plan"). In addition, she was insured under an automobile insurance policy issued by Defendant Home-Owners Insurance Company.[1] Before the Court are Home-Owners' motion to dismiss the complaint due to lack of jurisdiction (ECF No. 17) and Matych's motion to amend the complaint (ECF No. 18).

### I. BACKGROUND

According to the complaint, a vehicle struck Matych on July 18, 2019, when she was walking through a parking lot to her vehicle. She sustained injuries and underwent medical treatment. She is a beneficiary under the Plan, which paid for many of her expenses. Matych asserts that she is also covered under an automobile insurance plan from Home-Owners that provides for payment of medical expenses. And because Plaintiff allegedly suffered a "serious

---

[1] The complaint incorrectly identified Home-Owners as Auto-Owners Insurance Company, but the case caption has been amended (ECF No. 9).

impairment of body function and/or serious neurological injury," she is entitled to recover "non-economic damages" from the driver and owner of the vehicle. (Compl. ¶ 18, ECF No. 1 (citing Mich. Comp. Laws § 500.3135).) However, the Plan documents "purportedly" contain a provision allowing the Plan to recover its expenses from Plaintiff, or those acting on her behalf, to the extent there is "any legal or other recovery made by or on behalf of Plaintiff" arising out of the collision. (*Id.* ¶ 20.) Thus, the Plan might have a claim for reimbursement against Plaintiff or against Home-Owners.

Matych filed her complaint in November 2020, seeking, among other things, a declaration that Home-Owners owes her no-fault insurance benefits and that the Plan cannot seek reimbursement from her; it must seek reimbursement from Home-Owners. She served the complaint on Home-Owners in January. She did not successfully serve it on the Plan.[2] Consequently, the Court dismissed the Plan without prejudice.

Home-Owners then filed its motion to dismiss for lack of jurisdiction. Matych subsequently filed a motion to "amend" her complaint to join the Plan. (ECF No. 18.) Home-Owners opposes that motion.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

Home-Owners argues that the Court lacks subject matter jurisdiction over the claims against it. The complaint relies on "ERISA claims" as the basis for subject matter jurisdiction, referring to Matych's request for a declaration of her "rights to benefits and the priority of coverage under § 502(a)(1)(B) of [ERISA]" and to her request to enjoin the Plan from seeking reimbursement from her. (Compl. ¶ 1.) Matych's claim against Home-Owners arises under

---

[2] Matych asserts that her attempt at service failed because the Plan's resident agent was not physically present at the resident agent address due to the COVID-19 pandemic. (Mot. to Am. Compl. ¶ 2, ECF No. 18.)

Michigan law.  Matych asks the Court to exercise supplemental jurisdiction over that claim under 28 U.S.C. § 1367.

In a typical case invoking the Court's subject matter jurisdiction for a federal claim, a federal statute provides the plaintiff with a right to assert a substantive claim as well as a right to relief.  In this case, however, Matych seeks a *declaration* that would prevent *the Plan* from asserting a claim *against her*.  Such an action "will invoke federal question jurisdiction only if the coercive action that would have been brought [against her] (were declaratory judgments not available) would have been within that jurisdiction." 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3566 (3d ed.).  "Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983); *see* Wright & Miller, *Federal Practice & Procedure* § 3566 ("[I]t is now quite settled that federal jurisdiction exists . . . over a suit for a declaratory judgment that the other party does not have a right under federal law he is claiming.").  "To determine whether a declaratory judgment complaint raises a claim within the court's federal-question jurisdiction, the court must consider whether the facts alleged in the plaintiff's well-pleaded complaint show that the *defendant* could file a coercive action arising under federal law." *Glover v. Nationwide Mut. Fire Ins. Co.*, 676 F. Supp. 2d 602, 618 (W.D. Mich. 2009).

Matych seeks declaration that the Plan does not have a right to reimbursement.  If the Plan were to bring such a claim, it would be governed by the ERISA. *See id.* at 619 (concluding that a coercive action in a declaratory judgment matter similar to the one here would be "for equitable

3

reimbursement under section 502(a)(3) of the ERISA."). Consequently, the Court has subject matter jurisdiction over this action.

Nevertheless, Home-Owners asserts that *Glover* does not apply because the Court never obtained jurisdiction over the Plan. Matych never properly served her complaint on the Plan, so the only claim left is the one that concerns Home-Owners, which arises under state law. This argument ignores the "well pleaded complaint rule" mentioned in *Glover*. In other words, the Court determines subject matter jurisdiction by looking at the face of the complaint. *See Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012). Matych's complaint satisfies that rule; thus, the Court has subject matter jurisdiction over this action. The Court does not lose subject matter jurisdiction when the federal claims in a case do not succeed or are dismissed. Indeed, the supplemental jurisdiction statute, 28 U.S.C. § 1367, permits the Court to retain supplemental jurisdiction over non-federal claims after the federal claims disappear.

To the extent Home-Owners argues that the Court lacks subject matter jurisdiction because Matych never served her complaint on the Plan, Home-Owners appears to be equating *subject matter* jurisdiction with the means by which the Court effects *personal* jurisdiction over a particular defendant. These two types of jurisdiction are separate and distinct; the one does not depend on the other.

Home-Owners also raises a practical concern. It argues that permitting the exercise of jurisdiction in a case like this one might allow plaintiffs to manipulate their pleadings to bring state law claims in federal court. For instance, a plaintiff could assert a federal claim against a single defendant for the sole purpose of obtaining subject matter jurisdiction, then fail to serve that defendant, and then proceed with state law claims against the remaining defendants under the Court's supplemental jurisdiction. That concern is unfounded because such a case would not last

long. Federal courts routinely decline to exercise supplemental jurisdiction over claims arising under state law after all the federal claims have been resolved. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims."). Thus, where a court has dismissed the only federal claim because the plaintiff failed to serve the complaint on the appropriate defendant, the court would likely dismiss the rest of the case as well.

Moreover, it does not appear that this case is one where the plaintiff is making an improper attempt to litigate state law claims in federal court by naming an unnecessary party. The complaint alleges facts indicating that the rights of all the parties are at stake. Moreover, although Matych failed to serve the Plan within the time allowed, she has since filed a motion to amend asking the Court to permit her to add the Plan to this action. Thus, Home-Owners' concern is not persuasive.

### B. Amendment

Matych asks the Court to allow her to amend the complaint to join the Plan as a defendant. Generally, the Court's local rules require that parties asking for leave to amend a pleading attach a proposed amended pleading to their request. W.D. Mich. LCivR 5.7(f). In this case, however, it appears that Matych does not intend to make substantive amendments; instead, she is effectively seeking additional time to serve the Plan. The Court will grant her request, allowing her to file an amended complaint so that she can serve it on the Plan.

Home-Owners objects to Matych's request because it believes that the Court lacks jurisdiction over this matter and because it believes that Matych is simply attempting to bring a state law claim in federal court. Home-Owners' assertion that the Court lacks subject matter jurisdiction is meritless for reasons already discussed. And at this stage, it does not appear that Matych is improperly attempting to obtain a federal forum to adjudicate a state law claim.

5

Accordingly, the Court will deny Home-Owners' motion to dismiss and grant Matych's motion to amend.

An order will enter consistent with this Opinion.


Dated:  August 2, 2021                                    /s/ Hala Y. Jarbou
                                                                        HALA Y. JARBOU
                                                                        UNITED STATES DISTRICT JUDGE